## FISHER v. HICKS.   (No. 7436.)

(Court of Civil Appeals of Texas.  San Antonio.
Nov. 14, 1925.  Rehearing Denied
Dec. 9, 1925.)

Schools and school districts ⚖=8 — Plaintiff could not recover full amount of tuition where contract did not expressly provide for payment in all events, regardless of discontinuance of course for illness.

Where defendant gave check to plaintiff as tuition for dentistry course, but stopped payment on discontinuance of course for illness, plaintiff could not recover full amount of check from defendant, who tendered payment for tuition received, in absence of express provisions to that effect in contract, and plaintiff testified that ordinarily he did not attempt to enforce contract in case of illness.

Appeal from District Court, Bexar County;  Robt. W. B. Terrell, Judge.

Action by William C. Fisher against O. E. Hicks.  Judgment for defendant, and plaintiff appeals.  Affirmed.

Robert G. Harris, of San Antonio, for appellant.

W. M. Lewright, of San Antonio, for appellee.

FLY, C. J.  Appellant, describing himself as "Doctor," residing in New York City, sued appellee, described as "Doctor," to recover on a certain check for $600 executed by appellee, whereby he authorized the Commonwealth Bank & Trust Company of San Antonio to pay that sum to the order of appellant.  It was alleged that the check was presented to the bank but payment refused;  the reason for such refusal entered on the check was "payment stopped."  Appellee pleaded failure of consideration, alleging that the check was given to appellant, who was "acting as secretary and treasurer of an organization known as the Dewey School of Orthodontia, located in New York City, maintaining a dental clinic for instruction of graduate dentists";  that appellee attended the school for four days, and, becoming ill, left the school.  Appellee made a tender of $25 to pay for the four days he attended the school.  After sustaining certain special exceptions to the supplemental petition, the court heard the facts and rendered judgment that appellant recover nothing by his suit.

It seems from the evidence that appellant was secretary treasurer of the Dewey School of Orthodontia, or, reduced to the plain comprehension of the average American citizen, it was a school where they taught the science of withdrawing teeth from the place in which nature had located them, placing artificial ones in their places, treating and salvaging dilapidated and damaged incisors, and performing generally the duties incident to the vocation of a dentist.  It was a school of dentistry, and to this school appellee, in answer to advertisements, hied himself in order to receive and perfect himself in the higher degrees of the gentle art or science as it may be denominated.  Appellant thus defines the objects of that school, as follows:

"The school is particularly designed for the instruction of persons already dentists and admitted to practice as such, in orthodontia.  This may be described as that branch of dentistry which seeks by mechanical appliances and oral surgery to correct dental and oral malformations or maladjustments in order to promote the proper and adequate functioning of the teeth and jaws."

He stated that:

"In addition to the usual duties of this position (secretary treasurer), which comprise the care and custody of funds and the keeping of records and supervision of official correspondence, my duties include the interviewing of students seeking admission, the receipt of tuition, the examination of their qualifications for admission, and all matters concerning the matriculation and attendance of students."

In fact, he seemed to be business manager and general director of the school.

Appellee admitted that he had paid $25 matriculation fee and gave a check for $600 for the full course of instruction.  The school seems to have been a high-grade institution along the lines of its instruction, and appellee claims to have left it only on the ground of his illness.  There was no agreement as to a refund of tuition money in case of sickness or otherwise, but appellant stated:

"I have never before attempted to force a student in said school to make payment in full for the course of instruction when such student became ill during the term of said course and unable to attend school."

But he further stated:

"Under the circumstances in this case, I contend that Dr. Hicks should make payment of the full amount of my charges regardless of the fact that Dr. Hicks was unable to complete the course of instruction given by my school because of illness."

What the circumstances were that placed appellee outside of the rule as to those who became sick was not disclosed;  the only peculiar circumstances attending the case upon which discrimination could be based were that appellee, according to the testimony of appellant, went away from the school without giving notice to any one and stopped payment of his check.  Appellee swore that he tried to notify appellant of his sickness and desire to leave, but appellant would not listen to him but merely walked off.

Appellant has devoted a considerable portion of his brief in an endeavor to show that appellee had entered into a contract with ap-

pellant as to his attendance in the school, which was unnecessary, because appellee admits that he made a contract with appellant. The only point is as to whether, in the absence of a direct, express, and positive contract to the effect that, when once paid, no part of the tuition should be returned in case of sickness or any other disaster, that can be suffered. There was no contract to that effect, and, on the other hand, appellant swore that he had never attempted to enforce any such contract in any case of sickness, but was making an exception of appellee.

In certain cases decided by this court it was held that a party was liable for the whole tuition for a term, when he had contracted to pay the same, whether he attended or not. The cases bearing on the subject were those in which the contracts were in writing and were clear and explicit, and even in those cases exception was made in case of sickness. Vidor v. Peacock (Tex. Civ. App.) 145 S. W. 672; Peirce v. Peacock (Tex. Civ. App.) 220 S. W. 191.

The judgment is affirmed.